JOHN S. LEONARDO
United States Attorney
District of Arizona
Wallace.kleindienst@usdoj.gov
AZ State Bar No. 012506
Mary Sue Feldmeier
AZ State Bar No. 030266
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7578
Wallace.kleindienst@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-15-1723-TUC-RCC(DTF) |
| Plaintiff, | |
| vs. | **UNOPPOSED GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER** |
| Lonnie Ray Swartz, | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned counsel, and hereby respectfully moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure, Rules 6(e) and 16(d)(1), for a protective order encompassing the government's disclosure to the defendant. As grounds in support thereof we state as follows.

1. On September 28, 2015, the defendant was indicted by a federal grand jury in Tucson, Arizona, on the charge of second degree murder arising out of the shooting death of J. A., a minor, on October 10, 2012.

2. Prior to the indictment, Araceli Rodriguez, the mother of J. A., filed a Civil Complaint in the U.S. District Court on July 29, 2014, against John Does 1-10, Agents of U.S. Border Patrol, and John Does 11-20, Officers of U.S. Customs and Border

Protection, seeking damages for the murder of her son. See, *Araceli Rodriguez* v. *John Does 1-10*, Case No. 14-cv-02251-TUC-RCC. Lonnie Ray Swartz, the defendant in the criminal case, was subsequently identified as the Border Patrol Agent responsible for the death of J.A. and the name of the civil Complaint was changed to *Araceli Rodriguez* v. *Lonnie Swartz.*

3. Sean Chapman, Esq., represents Lonnie Ray Swartz in both cases.

4. The government is required to disclose to the defendant in the criminal case witness testimony before the grand jury, other witness statements, documents, photographs, papers, books, and tangible objects, whether obtained by grand jury subpoena or otherwise, reports of scientific examinations and tests, the identification of potential trial expert witnesses, their qualifications, and a written summary of their testimony, to the extent said material i) falls within Federal Rules of Criminal Procedure Rules 6, 16(a), and 26.2, and/or the Jencks Act, ii) constitutes *Brady* exculpatory evidence and/or *Giglio* witness impeachment evidence, iii) and/or disclosure is otherwise required by the Constitution.

5. The government's disclosure in criminal cases is normally not a matter of public record until if and when it is admitted at a pretrial court hearing and/or trial. Additionally, grand jury material is subject to very strict limitations on disclosure pursuant to Federal Rules of Criminal Procedure, Rule 6(e), in order to protect the integrity and secrecy of the grand jury process.

6. The government's disclosure will surpass 5,000 pages of documents. It will include among other items: i) statements and/or reports of interviews and grand jury testimony of the Border Patrol Agents and Nogales Police Department Officers who were present during the shooting death of J.A.; ii) reports of interviews of J.A.'s family members and friends; iii) numerous documents including records received through grand jury subpoenas; iv) statements and grand jury testimony of many other witnesses and individuals; v) numerous crime scene photographs including several graphic photographs of J.A. after he was shot to death; vi) pre-autopsy photographs of an unclothed J.A.,

depicting his bullet wounds; vii) numerous government agent reports of investigation; and xiii) employment, personal, military, and confidential records pertaining to the defendant. It will also include at least two video recordings. The government's disclosure, in short, will lay out in full detail the evidence surrounding the shooting death of J.A. It will also disclose confidential and personal information concerning potential witnesses that may be protected by the Privacy Act.

7. Disclosure of this evidence to Sean Chapman, however, presents a dilemma with serious potential adverse consequences to the criminal case. Receipt of the above referenced evidence from the government in the criminal case will subject Mr. Chapman to subsequent requests for disclosure of this evidence by the plaintiff in the civil case, *Araceli Rodriguez* v. *Lonnie Swartz.* Mr. Chapman is in the unique position of defending Mr. Swartz in two different forums involving similar claims of responsibility based on identical facts.

8. The Federal Rules of Civil Procedure which govern the civil case affords the litigants to make broad requests for discovery on opposing parties – requests that often go beyond what is permitted in federal criminal cases. See, for instance, Federal Rules of Civil Procedure, Rule 26 (required disclosure); Rule 34 (production of documents).

9. The Federal Rules of Civil Procedure do not restrict the dissemination of testimony, documents, tangible objects, etc. which come into possession of litigants during pretrial discovery. Mr. Chapman would seemingly be obligated to produce all of the government's disclosure in the criminal case to the plaintiff in the civil case or face sanctions. Thus, the government's criminal disclosure – the entirety of its case against Mr. Swartz – would likely enter the public domain and be subject to media dissemination in Tucson and around the Country.

10. This public disclosure would violate the federal grand jury secrecy requirements and result in an unprecedented examination of the grand jury's work leading to the indictment.

11. Public disclosure of this evidence moreover would substantially prejudice both the government's and the defendant's right to a fair and unbiased jury in the criminal trial – jurors who cannot help but be exposed pretrial to the facts, testimony, photographs, etc. of the case published in the media. This is an explosive case which has attracted national media attention since J.A. was shot to death. It is one of the few prosecutions of a U.S. Border Patrol Agent for a cross-Border shooting of a Mexican citizen. It has spurred a national debate on the use of force in these situations and when the federal government should hold Border Patrol Agents accountable to the criminal justice system. Both parties in this case want a jury to decide the issue of guilt or innocence free of prior contamination by media stories and opinions based on pretrial disclosure of the evidence.

12. Federal Rules of Criminal Procedure, Rule 6(e) expressly limits the instances when grand jury material may be disclosed by the government. Rule 6(e) also implicitly vests the Court with the supervisory powers to limit the disclosure of grand jury material to insure the integrity of the grand jury process. *See Douglas Oil Co. of Cal. V. Petro Stops Northwest,* 441 U.S. 211, 218-221 (1979). Rule 16(d) expressly vests the Court with the power to "at any time . . . for good cause, deny, *restrict*, or defer discovery or inspection (of discoverable materials), or *grant other appropriate relief*." (emphasis added). The Court may issue protective orders pursuant to that power. *See United States* v. *Feeney*, 641 F. 2d 821, 824 (10th Cir. 1981) (protective order can issue to preclude disclosure of allegedly privileged material in a criminal case); *United States* v. *Barbeito*, 2009 WL 3645063 (S.D.W.Va. 2009) ("appropriate… to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that my endanger witnesses or informants" and "the due administration of justice.")

13. For the above and foregoing reasons, the government respectfully moves this Honorable Court to enter a protective order in the criminal case. This order would bar Mr. Chapman and Mr. Swartz from disseminating any government disclosure to any third party unless disclosure is reasonably necessary to defend against the charge in the

indictment. Both parties would have the right to seek a modification of the protective order.

14. Mr. Chapman, on his own behalf and that of Mr. Swartz, does not oppose this motion for a protective order as indicated below.

WHEREFORE for the above and foregoing reasons, the United States of America respectfully moves this Honorable Court to grant this motion.

Respectfully submitted on this 23rd day of October, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Wallace H. Kleindienst*

Wallace H. Kleindienst
Assistant U.S. Attorney

SEEN AND AGREED

*s/Sean Chapman*

Sean Chapman