**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant *Swartz*
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR15-1723 TUC RCC(DTF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO ENFORCE SUBPOENA |
| v. | ) | FOR EXPERT WITNESS |
| | ) | PETER A. HERMANSEN |
| Lonnie Ray Swartz, | ) | |
| | ) | |
| Defendant. | ) | |

It is expected that excludable delay under Title 18, United States Code, §3161(h)(1)(F) will occur as a result of this motion or an order based thereon.

The Defendant, pursuant Rule 17 of the Federal Rules of Criminal Procedure and Art. 6 and 14 of the U.S. Constitution, hereby moves to enforce the subpoena compelling the testimony of Peter A. Hermansen in the trial of this matter.

This motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   QUESTION PRESENTED

The resolution of this motion requires the Court to determine whether the arbitrary enforcement of an agency regulation to prevent otherwise admissible testimony at trial violates the separation of powers doctrine and the due process rights of the accused.

II.   FACTS

Peter Hermansen is a 20+ year veteran of the Border Patrol. His current position is Patrol Agent In Charge ("PAIC") of the Tucson Sector Intelligence Unit. Agent Hermansen began his Border Patrol career in 1996, transferred to Tucson in 2000, then El Paso in 2002, and in 2004 he became an Assistant Chief in Washington, D.C. There, Agent Hermansen served as the Deputy Director of the Use of Police Division, promoting to Director in 2006. In this role, Agent Hermansen was personally and substantially involved in the development of the Border Patrol's Use of Force Policy Handbook, which was first published in 2010. The Handbook was revised in 2011 and in effect during the time frame of the shooting incident for which Agent Swartz is indicted.

This Court will recall that on August 23, 2016, Agent Hermansen testified on behalf of Agent Swartz in connection with his Motion to Suppress Statements, which the Court subsequently granted. (Doc. 53, 97.) The government did not object to Agent

Hermansen's appearance on behalf of the defendant, nor did the government object to his qualifications to offer testimony on the subject of the Border Patrol's Use of Force policy. Similarly, the government did not assert a privilege with respect to Agent Hermansen's testimony.

Pursuant to the Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, on February 13, 2017, undersigned counsel disclosed Agent Hermansen as an expert witness at the trial of this matter, together with a summary of his opinions. (attached hereto as Exhibit A.) Counsel also obtained a subpoena to compel Agent Hermansen's testimony at trial. (attached hereto as Exhibit B.)

Agent Hermansen has no personal or official involvement with the investigation of Agent Swartz. His testimony is relevant to explain the agency's policy regarding how an agent is trained to react in the face of deadly force and when it is appropriate for an agent to discharge his firearm, which will assist the jury's determination of whether Agent Swartz's actions were consistent with that policy. Fed.R.Evid. 702, 703, 704. Action consistent with the Use of Force policy is vital to Agent Swartz's defense because it directly controverts the notion that he acted "with malice aforethought," an element of second degree murder, or that any of his actions, such as approaching the international border fence instead of seeking cover, did not comply with policy. Such testimony will rebut the testimony of Alan Foraker, the government's use of force expert.

At some point, the US Attorney's Office notified the agency that the defense intended to call Mr. Hermansen, and thereafter provided defense counsel with the agency's response. (attached hereto as Exhibit C.) According to the Associate Chief Counsel Caroline Blessey, 5 C.F.R. §2635.805 prohibits the Department of Homeland Security from authorizing Agent Hermansen to testify as an expert witness on behalf of the defense, unless authorization is received from a designated DHS ethics official. In Blessey's letter, she states that such authorization was not given, and that "it is the position of the Tucson Sector that PAIC Hermansen should not testify as a defense expert in this matter." (Exhibit C.)

Following receipt of Blessey's letter, undersigned counsel requested disclosure of email communications between agency counsel and the prosecutors in order to determine whether the C.F.R. regulations were being used improperly, not to guide ethical considerations, but to gain a strategic advantage at trial by effectively precluding Hermansen as an expert for the defense. Undersigned counsel was informed that such documents would not be provided because they are protected by the "work product privilege." (attached hereto as Exhibit D.)

Shortly thereafter counsel received an email from the Chief Counsel Eric McNeilus stating that DHS is "in the process of sending your request up the chain of command to DC." (attached hereto as Exhibit E.) This contradiction of the earlier, unequivocal statement by Ms. Blessey lends support to the notion that the government is

simply attempting to prevent the defense from calling Agent Hermansen as an expert witness at trial.

Regardless of their motivation, the government's reliance on 5 C.F.R. §2635.805 to prevent otherwise relevant and admissible testimony from being heard, is wholly unlawful. This arbitrary action usurps from this Court its rightful authority to control the admission of evidence in a judicial proceeding, in violation of the separation of powers doctrine, as well as Agent Swartz's constitutional rights to due process and compulsory process.[1]

Further, the intent of this regulation is to ensure ethical conduct by government employees, which is not an issue here. It is not intended to be used to subvert the ability of a criminal defendant to present a defense.

III. LAW

    *A. DHS Ethical Regulation 5 C.F.R. §2635.805 Neither Confers A Privilege Nor Authorizes the Government to Determine What Evidence May be Introduced in a Judicial Proceeding*

    1. <u>History of the Regulation's Adoption as a Housekeeping Measure</u>

---

[1] Yesterday evening the prosecution disclosed that Agent Hermansen has given notice of his intent to leave his present post with the DHS for a position with the Department of Defense. There is no indication when Agent Hermansen will make that transition; thus, it is entirely possible that he will be a DHS employee at the time of trial. Additionally, the legal arguments made herein would appear to apply to DHS regulatory restrictions on former employees, as well as possibly DOD regulatory restrictions on current employees, acting as expert witnesses on behalf of a party adverse to the United States. Accordingly, it is the position of undersigned counsel that this matter has not become moot by virtue of Agent Hermansen's anticipated change in employment from one federal agency to another.

5 C.F.R. §2635.805 is part of a set of regulations that addresses "Standards of Ethical Conduct for Employees of the Executive Branch." The relevant subsections provide as follows:

> (a) *Restriction*. An employee shall not serve, other than on behalf of the United States, as an expert witness, with or without compensation, in any proceeding before a court or agency of the United States in which the United States is a party or has a direct and substantial interest, unless the employee's participation is authorized by the agency under paragraph (c) of this section.
>
> (b) . . .
>
> (c) *Authorization to serve as an expert witness*. Provided that the employee's testimony will not violate any of the principles or standards set forth in this part, authorization to provide expert witness service otherwise prohibited by paragraphs (a) and (b) of this section may be given by the designated agency ethics official of the agency in which the employee serves when:
>
>> (1) After consultation with the agency representing the Government in the proceeding or, if the Government is not a party, with the Department of Justice and the agency with the most direct and substantial interest in the matter, the designated agency ethics official determines that the employee's service as an expert witness is in the interest of the Government; or
>>
>> (2) The designated agency ethics official determines that the subject matter of the testimony does not relate to the employee's official duties within the meaning of §2635.807(a)(2)(i).
>
> (d) Nothing in this section prohibits an employee from serving as a fact witness when subpoenaed by an appropriate authority.

This regulation was promulgated under the Ethics in Government Act of 1978, codified at 5 U.S.C. §301, whose stated purpose is "to prevent corruption and other

official misconduct before it occurs, as well as penalizing it once it is uncovered." *Dean v. Veterans Admin. Regional Office*, 151 F.R.D. 83, 87 (E.D.Ohio 1993) (citations omitted). The Act authorizes the head of an Executive Department or military department to enact regulations governing the conduct of its employees. In response to the United States Supreme Court's decision in United *States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951),[2] Congress added a sentence to §301 which states: "This section does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. §301; *see also Comm. For Nuclear Responsibility v. Seaborg*, 463 F.2d 788, 793 (D.C.Cir. 1971) (section 301 is a "housekeeping provision," and "'does not authorize withholding information from the public or limiting the availability of records to the public.'" (*citing NLRB v. Capitol Fish Co.*, 294 F.2d 868, 875 (5th Cir.1961) (footnote omitted))).

In *Dean*, *supra*, the district court addressed a discovery dispute that presented the question before this Court today; that is, whether 5 C.F.R. §2635.805 may be used by the government to prevent the subpoena of a government employee sought by the adverse party. 151 F.R.D. 83. The court found that, as a guide for employee action and an attempt to eliminate misconduct, the regulation provided no authority for enforcing

---

[2] *Touhy* held that a subordinate government official cannot be compelled to testify or to produce documents in private litigation, in which the federal government or any of its agencies is not a party, where a departmental regulation prohibits disclosure in the absence of consent by the head of the department. In cases originating in federal court in which the federal government is a party to the underlying litigation, the *Touhy* problem does not arise. *Gulf Group General Enterprises Co. W.L.L. v. United States*, 98 Fed.C.. 639, 646(2011).

7

such a provision in unrelated litigation. *Id.* at 86-87. The court reached this conclusion after examining other cases addressing the extent to which an agency regulation can curb the power of the court to compel discovery.

The fact that this is a criminal case makes the government's action even more troublesome. The district court for the Southern District of West Virginia considered the regulation's application to the criminal context in *United States v. Lecco*, 495 F.Supp.2d 581 (S.D.W.Va. 2007), and reached the same result as in *Dean.* The court found that "[i]t would be a bit of a non-sequitur to restrict application of the regulation in the civil context, while allowing its unfettered application in a situation where a defendant, within weeks of his federal capital trial, confronts the prospect of losing his key mitigation witness as a result." *Id.* at 585. Agent Swartz is not facing the death penalty, but he is charged with one of the most serious crimes fathomable and he clearly has a substantial liberty interest at stake.

Similarly, and very recently, the district court in Kansas found that "federal district courts consistently 'have rejected the assertion that 5 C.F.R. §2635.805 bars federal employees from being subpoenaed to provide otherwise admissible expert opinion testimony.'" *United States v. Adams*, 2017 WL 712795 (D.Kan. 2/23/2017). The court therefore refused to recognize the regulation as allowing the government to shield employees with relevant information from being called as witnesses. *Id.* at *7.

### 2. 5 C.F.R. §2635.805 Does Not Create a Privilege

With the history of the regulation in mind, the Court of Federal Claims found that "5 U.S.C. §301 contains no explicit language authorizing an agency to withhold documents *or testimony* from the legal process." *Gulf Group General Enterprises Co. W.L.L. v. United States*, 98 Fed.Cl. at 644 (emphasis added). The Court was particularly troubled by the conflict created by regulations, like the one at issue here, which usurp the authority of the judicial branch to control the admission of testimony for cases filed in federal court "in order to achieve a just and fair result." *Id.* at 646. In other words, the Court explained, the regulation improperly attempts to assert a privilege that is not recognized by the Federal Rules of Criminal Procedure or the law of evidence; that is, a privilege of the Secretary of the Department of Homeland Security "to decide what, how, and when evidence is made available to an adverse litigant or a court." *Id.* This would create a significant separation of powers problem, given that, "[w]hen the United States is a party to litigation, 'judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.'" *Id.* (*quoting United States v. Reynolds*, 345 U.S. 1, 9-10 (1953). For these reasons, the Court held that Army regulations neither barred nor required a former Army contracting officer to seek authorization prior to testifying as an expert witness adverse to the interests of the United States. *Id.* at 647.

Even when the Government asserts a claim of privilege, the "court must be satisfied from all the evidence and circumstances" that the privilege is warranted, and

may not abdicate to the executive branch its control over the evidence before it. *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953); *see also Sperandeo v. Milk Drivers*, 334 F.2d 381, 384 (10th Cir. 1964) ("It is for the Court, and not the government agency or executive branch, to determine whether documents sought to be withheld under a claim of privilege are entitled to the protection of that privilege.") In *Young v. United States*, 181 F.R.D. 344 (W.D.Tex. 1997), the district court considered the government's reliance on 5 C.F.R. §2635.805 as the functional equivalent of asserting a privilege. Upon review of the case law construing the regulation, the court determined that "[t]his purported privilege has been rejected by several courts." *Id.* at 347 (citations omitted.) The court similarly concluded that the regulation was designed to guide federal employees in their behavior, not to create an evidentiary privilege for the government. *Id.*

> 3. <u>The Rules of Criminal Procedure and the Rules of Evidence Supersede Agency Regulations that Conflict with Them.</u>

The *Young* Court also found that executive agencies cannot impose regulations that "contravene or otherwise impede the operation of the Federal Rules…unless there is 'clear congressional intent' because the procedural rules have 'the force and effect of law.'" *Id.* (citing *Resource Investments Inc. v. United States*, 93 Fed.Cl. 373, 379 (2010); *see also United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013) (holding the Federal Rules of Criminal Procedure have the force and effect law) (*citing United States*

*v. Marion*, 404 U.S. 307, 319 (1971). Because the Federal Rules of Criminal Procedure and the Federal Rules of Evidence are as binding as any statute duly enacted by Congress, they supersede all laws in conflict with these rules. *Resource Investment Inc. v. United States*, 93 Fed.Cl. at 379; *Romero v. United States*, 153 F.R.D. 649, 652 (D.Colo. 1994) (holding that once an expert witness is called, the Federal Rules of Evidence control his testimony, not administrative regulations).

Mr. Hermansen's proposed testimony is admissible under the Federal Rules of Evidence. This Court should reach the same result as the courts that have considered, and rejected, the government's attempt to arbitrarily invoke agency regulations to prevent Agent Hermansen from testifying at trial.

*B. Separation of Powers*

The Constitution's separation of powers structure serves to make the government accountable and protects the liberty of people who have the privilege of litigating in our courts. *Boumediene v. Bush*, 553 U.S. 723, 242-43 (2008) (citations omitted). Without a doubt, the admission of testimony at trial is controlled exclusively by the Judiciary, and a court's power to govern the admissibility of expert witnesses, therefore, cannot be circumscribed by regulation. In *Herrmann v. United States*, 127 Fed.Cl. 22 (2016), the Court of Federal Claims refused to allow the government to limit or prevent the deposition of an IRS agent on the grounds that Treasury regulations required that agency's authorization before permitting the agent to give testimony. The Court quoted

language of the Supreme Court and other relevant case law supporting the following principle: the rules of discovery apply to the United States the same as any other litigant, thus the government cannot use its executive power to dictate whose testimony the court may hear. *Id.* at 34 ("[w]hen the United States is a party to litigation, 'judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.'" *Id.* (*quoting United States v. Reynolds*, 345 U.S. 1, 9-10 (1953)).

The cases discussed in Part A.2, above, further address the separation of powers problem created by allowing the Executive, by invoking 5 C.F.R. §2635.805, to determine what evidence may be introduced in a judicial proceeding.

*C. Due Process Right to Present a Defense*

The government's proposed use of 5 C.F.R. §2635.805 also directly implicates Agent Swartz's due process rights. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The right[ ] ... to call witnesses in one's own behalf ha[s] long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *see also Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (holding that "an essential component of procedural fairness is an opportunity to be heard"); *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("The right to offer the testimony of witnesses ... is in plain terms the right to present a defense, the right to present the defendant's version of the facts.... [The accused] has the right to present his own witnesses to establish a defense.

This right is a fundamental element of due process of law."). Agent Swartz has a due process right to call an expert witness of his choosing, without interference from the government on the grounds that the witness's appearance will violate an ethics agency regulation.

### D. Right to Compulsory Process

Agent Swartz has a related due process right to compulsory process. The right of an accused to have compulsory process for obtaining and calling witnesses in his favor is guaranteed under the Sixth and Fourteenth Amendments. *Washington*, 388 U.S. at 17–19. "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Id.* at 19. Agent Hermansen's testimony is critical to Agent Swartz's defense. Precluding him not because his testimony is inadmissible but because the government has decided it's not in *their* interest to have him testify, will violate this fundamental right.

### E. Arbitrary Enforcement of Agency Regulations

As stated above, the government did not object to Agent Hermansen's expert testimony at the August motion hearing, even though at that time he was employed by the DHS and testifying on behalf of the defense. It is relevant to note here as well that the government did not invoke 5 C.F.R. §2635.805 to prevent Agent Hermansen's testimony in a very similar case in this District, *State of Arizona v. Nicholas Corbett*,

CR07-1508-TUC-DCB.[3] There, the State of Arizona charged Border Patrol Agent Nicholas Corbett with the homicide of an alien who Corbett shot in the course of apprehension. The defense disclosed Agent Hermansen, at the time the PAIC of the Casa Grande Station, as an expert on the agency's Use of Force Policy. Although not a party, the government knew that Agent Hermansen was being called as an expert witness for the defense and never interposed an objection. As a non-party to that action, the federal government arguably could have, but did not, invoke 5 C.F.R. §2635.805 to prevent Agent Hermansen from testifying on behalf of the defense. Agent Hermansen indeed testified as an expert witness on behalf of Agent Corbett. The government will likely assert that the circumstances differed because it supported Corbett's defense against those charges, but this only further highlights the arbitrary and selective nature of when it chooses to invoke 5 C.F.R. §2635.805.

The touchstone of due process is protection of the individual against arbitrary action of government. *Dent v. West Virginia*, 129 U.S. 114, 123 (1889). Accordingly, due process is violated where, as here, an agency arbitrarily enforces its regulations to infringe Agent Swartz's protected liberty rights. *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974) (government violates due process if it enforces regulations in an arbitrary or discriminatory manner). The application of 5 C.F.R. §2635.805 to Agent Hermansen's trial testimony in this case is an arbitrary action due to the selective enforcement of

---

[3] This was a state prosecution that was removed to federal court pursuant to 28 U.S.C. §1442. (A)(1).

agency regulations and should not be permitted. Particularly where Agent Hermansen has already testified in this very matter, the government should be deemed to have waived their newly interposed objection.

For these reasons, Agent Swartz's Constitutional rights to due process are superior to, and supersede, agency-promulgated ethics regulations.

IV. CONCLUSION

The regulation at issue was not intended to confer a privilege on the government. The regulation was derived from 5 U.S.C. §301, which has been construed as not authorizing the government to withhold or limit the availability of testimony. The regulation may not, therefore, be used to contravene or impede the operation of the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

Additionally, 5 C.F.R. §2635.805 is in direct conflict with the authority of the judicial branch to control the admission of testimony in cases in order to achieve a fair and just result. Accordingly, the separation of powers doctrine precludes this Court from abdicating that responsibility to the caprice of the executive branch.

Moreover, the government should not be permitted to arbitrarily or selectively enforce its regulations to gain a tactical advantage in a particular trial. Where, as here, the witness has already testified, the government should be deemed to have waived any objection to his appearance at trial.

Finally, Agent Swartz's constitutional rights to due process in the presentation of a complete defense, and to compulsory process, will be violated if the government is permitted to interfere with his selection of a defense expert.

For all the foregoing reasons, this Court should enforce the subpoena, compelling the appearance of Border Patrol Agent-in-Charge Pete Hermansen to provide expert testimony at this trial of this matter.

Respectfully submitted this 21th day of April, 2017.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY: /S/ Sean C. Chapman
Sean Chapman
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 21, 2017, caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Wallace H. Kleindienst
Mary Sue Feldmeier
Wallace.Kleindienst@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
U.S. Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

*Serena Lara*