**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 15-1723 TUC RCC (DTF) |
| Plaintiff, | ) | |
| v. | ) | **MOTION IN LIMINE RE:** |
| | ) | **"USE OF FORCE" TESTIMONY** |
| Lonnie Ray Swartz, | ) | |
| Defendant. | ) | |

It is expected that excludable delay under Title 18, United States Code, § 3161(h)(1)(F) will occur because of this motion or an order based thereon.

The Defendant, Lonny Swartz, through undersigned counsel, Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., and pursuant to Rules 104, 701, 702 and 704 of the Federal Rules of Evidence, hereby moves to preclude the Government's "use of force" expert from giving his opinion on the ultimate legal issues in this case, and further moves to preclude the government from eliciting "use of force" testimony from law enforcement agents who are not qualified as experts. This motion is made for the reasons set forth below.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS RELEVANT TO THE RESOLUTION OF THIS MOTION

Agent Swartz's use of deadly force will be the primary focus of the Government's case-in-chief. The Government has noticed its intent to call Alan Foraker as a "use of force" expert, to establish that Agent Swartz's discharge of his firearm was contrary to the Border Patrol's training and policies regarding use of deadly force. A summary of Mr. Foraker's opinions was transmitted to undersigned counsel by letter dated February 9, 2015. The Government's letter states that Mr. Foraker may testify to the following opinions:

1) Agents are taught to eliminate the threat when using deadly force;

2) Mr. Swartz's use of deadly force was neither reasonable nor necessary;

3) Swartz was not legally justified in using deadly force;

4) Jeopardy did not exist because the decedent did not have the ability, the opportunity and the intent to inflict serious bodily injury or death upon Swartz or anyone else;

5) Swartz should have ascertained whether anyone on or adjacent to West International Street was in jeopardy at the time he fired his pistol and his failure to do so was not reasonable;

6) Swartz should have made use of available cover, and his approach to the Border Fence was neither reasonable nor necessary; and

7) Swartz was not legally justified in firing his pistol based on information that a police canine may have been hit because deadly force cannot be used to protect a police canine.

In addition, the Government will elicit the testimony of numerous non-expert law enforcement agents who were percipient or ancillary witnesses to the events at issue. This motion does not seek to preclude all use of force testimony but, rather, to confine such testimony to the parameters of the Rules of Evidence.

**II.  LAW**

*A. Rule 704(b) Precludes an Expert from Testifying to Legal Conclusions*

Generally, expert testimony may be admissible if it is helpful to the trier of fact. See Fed.R.Evid. 702. Assuming for purposes of this motion that Mr. Foraker is qualified as a "use of force" expert, he may offer testimony generally as to policies, procedures and appropriate uses of force in light of those policies and procedures. Mr. Foraker may not, however, "give an opinion as to h[is] legal conclusion, i.e., an opinion on an ultimate issue of law." *Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) (internal citations omitted), overruled on other grounds by *Estate of Barabin v. Asten Johnson, Inc.*, 740 F.3d 457 (9th Cir. 2014); see also, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

In this case, the jury must determine whether Agent Swartz's use of deadly force was reasonable or excessive. Mr. Foraker's proposed testimony impermissibly encroaches into these areas with respect to each of his opinions except for #1 (to which

the defense has no objection). Opinion #2 is that Agent Swartz's use of deadly force "was neither reasonable nor necessary." Opinions #3 and #7 state that Agent Swartz "was not legally justified." Opinion #4 proposes that Mr. Foraker attest to facts that constitute "jeopardy," and further improperly opines as to the decedent's opportunity and intent. Similarly, Opinion #6 relates to "jeopardy," and also comments directly on the reasonableness of Agent Swartz's actions.

The Ninth Circuit clearly precludes expert testimony for the purpose proposed here. The Court explained:

> When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion.

*United States v. Duncan*, 42 F.3d at 100. Mr. Foraker's proposed opinion testimony constitutes legal conclusions that are rightly the province of the jury to decide. As such, they are precluded from admission at trial pursuant to Rule 704(b).

*B. Rule 701 Precludes Non-Expert Law Enforcement Witnesses From Providing Opinion Testimony on Swartz's Use of Force*

Evidence Rule 701 allows lay witnesses opinion testimony that is: a) rationally based on the witness's perception; b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and c) not based on specialized knowledge (i.e.

expert testimony). Accordingly, law enforcement witnesses who were involved in the incident may testify to their observations, but they may not offer opinion as to whether Agent Swartz's use of force complied with Border Patrol training or policy, nor may they opine as to the type of legal conclusion that is described above.

For example, the government may attempt to illicit testimony from individual agents at the scene that this Border Patrol use of force policy dictated that they seek cover when being rocked, or that the use of deadly force would not be appropriate in response to being rocked. While it clearly permissible for agents to testify as to what actions they took, testimony regarding their interpretation of use of force policy is inappropriate and should be precluded by Rule 704.

### III.  CONCLUSION

For all the foregoing reasons, this Court should enter an order precluding the Government from eliciting "use of force" testimony from law enforcement agents who are not qualified as experts to opine on such matters.

Respectfully submitted this 31st day of May, 2017.

LAW OFFICES OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
Sean Chapman

Electronically mailed this 31st day of May 2017 to:

United States District Court

Wallace Kleindeinst
Mary Sue Feldmeier
United States Attorney's Office

<u>Serena Lara</u>