**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-1723 TUC RCC (DTF) |
| Plaintiff, | |
| v. | **MOTION FOR WITNESS LIST** |
| Lonnie Ray Swartz, | |
| Defendant. | |

It is expected that excludable delay under Title 18, United States Code, § 3161(h)(1)(F) will occur because of this motion or an order based thereon.

The Defendant, Lonny Swartz, through undersigned counsel, Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Rule 16 of the Federal Rules of Criminal Procedure, hereby moves for an Order compelling the Government to provide a list of witnesses to be called at trial and to indicate the order of such witnesses.[1] This motion is made for the reasons set forth below.

---

[1] Pursuant to L.R.Crim. 12.1(a) and L.R.Civ. 7.2(j), undersigned counsel certifies that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve this matter.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS RELEVANT TO THE RESOLUTION OF THIS MOTION

Early in 2016 the parties and this Court agreed that this case should be designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).[2] (Doc. 19, 24.) At that time, the Government had disclosed approximately 7,000 pages of documents. (Doc. 19.) Since then, the documentary disclosure has grown to over 11,000 pages, and continues to be supplemented. In the past few months, for example, the Government has disclosed two new expert witnesses.

The parties are diligently working to be ready for the firm trial date of October 12, 2017. While the Government has been generally cooperative and forthcoming in providing disclosure thus far, there is no reciprocal disclosure agreement entered into by the parties and no scheduling order respecting deadlines to produce Rule 15 disclosure. The defense has no way of knowing what remains to be disclosed by the Government, what additional investigation will be necessitated by any new disclosure, or what additional motions will need to be resolved prior to trial based on new disclosure.

An Order based on this motion will enable defense counsel to focus on the witnesses that the Government intends to call at trial, rather than to cull the thousands

---

[2] The statute provides that the Court determine "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

of pages of disclosure and proceed by guesswork. An Order will also promote efficiency and conserve judicial resources by ensuring a smooth trial with fewer breaks and delays.

## II.   LAW

Every district court is charged with effectuating the speedy and orderly administration of justice. *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008) (en banc). As the Ninth Circuit explained, this mandate authorizes the district court to "enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.* at 508-09. Orders setting the timing for Rule 16 discovery are, therefore, well within this Court's inherent power to manage its docket. *Id.* at 509. In addition, the Rules of Criminal Procedure expressly grant to the district court the ability to regulate discovery by granting any "appropriate relief." Fed.R.Crim.P. 16 (d)(1).

Rule 16 of the Federal Rules of Criminal Procedure requires the Government to disclose its expert witnesses, along with a summary of the expert's options, the bases and reasons for those opinions, and the witness's qualifications. Fed.R.Crim.P. 16(a)(1)((G). In *W.R. Grace*, the Ninth Circuit resolved the question of pretrial disclosure of non-expert witness, holding "[a]lthough Rule 16 does not expressly

mandate the disclosure of non-expert witnesses, it is not inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion."[3] *Id.* at 511 (citations omitted.)

Given the complexity of this case and the number of potential witnesses involved, requiring the Government to produce its list of witnesses well in advance of trial will bring the necessary focus and organization to ready the case for trial. *Id.* at 513 (affirming as reasonable the court's order requiring the government to disclose its final list of witnesses a year before trial was set to begin.) The Government could realistically call over 100 witnesses; therefore, the defense requests that the Government identify each witness it intends to call, and the order in which it intends to call them. This will ensure that the trial runs smoothly because the defense will be prepared to examine the witnesses as they are called.

The defense will reciprocate by providing an in-order witness list.

### III.   CONCLUSION

For all the foregoing reasons, this Court should enter an Order compelling the Government's to provide the requested witness list.

---

[3] Rule 2 of the Federal Rules of Criminal Procedure provides: "These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."

Respectfully submitted this 12th day of June, 2017.

LAW OFFICES OF SEAN CHAPMAN, P.C.

BY: <u>/s/ Sean Chapman</u>
Sean Chapman

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 14, 2017, caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Wallace H. Kleindienst
Mary Sue Feldmeier
<u>Wallace.Kleindienst@usdoj.gov</u>
<u>Mary.Sue.Feldmeier@usdoj.gov</u>
US Attorneys Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

<u>Serena Lara</u>