ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
Wallace H. Kleindienst
AZ State Bar No. 012506
Mary Sue Feldmeier
AZ State Bar No. 030266
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7578
Wallace.kleindienst@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-15-1723-TUC-RCC(DTF) |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE RE: DRUG EXPERT AND IMAGES CONCERNING UNRELATED ROCKING AND DRUG TRAFFICKING ACTIVITY |
| Lonnie Ray Swartz, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned counsel, and hereby respectfully replies to Defendant's Response to the Government's Motion in Limine Re: Drug Expert and Images Concerning Unrelated Rocking and Drug Trafficking Activity. As grounds in support thereof, we state as follows.

1. The defense predicates its argument that the evidence subject to the motion in limine should be admitted simply because he is entitled to "present a complete defense." (Def.'s Response, pg.6.) Certainly, the defendant is entitled to a defense. But, that right is not an absolute right to present any and all evidence which he believes is helpful to his case. There are limitations. For instance, evidence to be admissible must be relevant which is defined by Federal Rules of Evidence, Rule 401, as evidence which has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact

1    is of consequence in determining the action." Likewise, this Court is vested with the discretion pursuant to Federal Rules of Evidence, Rule 403, to exclude even relevant evidence at trial if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [and] misleading the jury . . . ."

2. Both parties agree that the ultimate issue to be litigated in the trial is whether the defendant actions were reasonabe and necessary under the circumstances in shooting J.A.E.R. who at that moment presented a threat of imminent serious bodily injury or death to either the defendant or other individuals by throwing rocks over the International Border Fence. The defendant's state of mind at that moment as to whether those rocks constituted such a threat is certainly relevant. The defendant's knowledge that rocks can constitute this threat based on what he had previously seen or heard as a Border Patrol Agent is relevant to the jury's consideration of the ultimate issue. But what the defendant proposes to introduce at trial crosses over the line of relevant evidence to evidence patently calculated to inflame the jury.

3. Drug trafficking (with its attendant gristly violence often glamorized in TV and film) across the International Border is a red hot button issue which is firmly embedded in the national consciousness and political conversation. It is the defendant's calculated hope, by the evidence he seeks to admit, that the jurors will superimpose their opinions about the evils of "violent" drug traffickers onto the victim and disregard the evidence of exactly what threat J.A.E.R. posed at the moment. The defendant asserts that this evidence merely places "this shooting event . . . into context for the jury" (Def's Response, Pg. 2). This is simply disingenuous. The *violence* suggested by expert witness Pete Hermansen's proposed testimony and graphically depicted in the videos goes well beyond what is necessary to convey to the jury that rocks can be very dangerous under the right circumstances. Virtually every one knows this fact from their life experiences. The jurors do not need the violence projected by these unrelated events portrayed in the videos and photographs to evaluate whether the defendant posed a dangerous threat by these rocks. It

| | |
|---|---|
| 1 | is not necessary and it prejudices the government's right to a jury that should decide the |
| 2 | case on the facts and not on emotion and prejudice. |

4. The government will not dispute at trial, that J.A.E.R was one of apparently three individuals who, based on the video, were throwing rocks over the Fence. Likewise, the government will not dispute that this conduct was apparently an effort to assist the two subjects on top of the Fence who were trying to successfully drop down onto the Mexican side of the Border after smuggling two bundles of marijuana into the United States. Whether the victim was employed by and acting on behalf of a drug cartel, as the defense expert wants to suggest, is simply unknown to either party. But it does not matter. This is not a drug trafficking case – there are no drug trafficking charges in the Indictment to be litigated. This is simply a case about whether J.A.E.R. presented a threat of serious bodily injury or death by throwing rocks into the United States regardless of his motives. The defendant is free to testify that based on his prior knowledge about the dangers of rockings along the Fence that he acted in the manner that he did. The inflammatory videos do not add any more relevance to that testimony and are, to the contrary, unduly prejudicial to the government's case.

WHEREFORE for the above and foregoing reasons, the United States of America respectfully requests that this Honorable Court to grant the Motion in Limine.

Respectfully submitted on this 28th day of June, 2017.

                        ELIZABETH A. STRANGE
                        Acting United States Attorney
                        District of Arizona

                        *s/Wallace H. Kleindienst*
                        WALLACE H. KLEINDIENST
                        Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means on this 28th day of June 2017, to:

Sean C. Chapman, Esq.
Jim Calle, Esq.