ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Wallace.kleindienst@usdoj.gov;
marysue.feldmeier@usdoj.gov;
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 15-01723-TUC-RCC |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRELUDE EVIDENCE OF DEFENDANT'S ARMY SERVICE AND PERSONNEL RECORDS (Doc. 272) |
| Lonnie R. Swartz, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned counsel, and hereby respectfully responds to defendant's Motion in Limine to Preclude Evidence of Defendant's Army Service and Personnel Records as follows.

1. The defendant moves for an order precluding the government from introducing evidence at trial pertaining to two subject matters: 1) Defendant's service and discharge from the United States Army, and 2) Defendant's personnel records concerning his performance while he attended the U.S. Border Patrol Academy and was employed by the U.S. Border Patrol. The Defendant contends that these subject matters are irrelevant to the issue in the case and should be precluded pursuant to Fed. R. Evid. 402. Contrary to defendant's assertions, many of these records are relevant to the case and are consequently admissible under Federal Rules of Evidence, Rules 401 and 402.

### The Defendant's Military Service and Border Patrol Application and Background Investigation Records.

2. The government does not intend to introduce the defendant's military service records in its case-in-chief. Should the defendant testify, however, the government intends to make use of them on cross-examination in conjunction with defendant's 2009 application to become a Border Patrol Agent, his 2009 initial background investigation records, and records pertaining to his second background investigation in 2014 while serving as a Border Patrol Agent. The defendant made false statements to the United States government in applying to become a Border Patrol Agent and, thereafter, to continue in that position, about his military service and arrest record and are proper basis for impeachment of the defendant pursuant to Federal Rules of Evidence 608(b)(1).

### Defendant's Military Service.

3. The defendant joined the U.S. Army on November 11, 1995. He was assigned to Fort Knox in Fort Knox, Kentucky. (Bates No. 7354.) On January 4, 1996, he went absent without leave (AWOL) and was designated as a deserter. (Bates Nos. 4789, 7352.) A warrant was issued for his arrest as a deserter. (Bates Nos. 4753, 4760, 7353.) Twenty-one (21) months later he was arrested by the FBI/Las Vegas Metropolitan Police Department, in Las Vegas, Nevada on October 18, 1997 on that warrant. (Bates Nos. 4804, 7339, 7320.) He was returned to military custody at the Nellis Air Force Base in Las Vegas, Nevada. (Bates No. 7353.) He was charged with a violation of the Uniform Code of Military Justice, Article 86, (absent without authority). (Bates No. 4722.) Thereafter, on February 18, 1998, the defendant accepted a discharge from the Army under other than honorable conditions in lieu of trial by court-martial, and was separated from the Army at Fort Sill in Oklahoma on February 18, 1998. (Bates No. 7354.)

### Defendant's Application for a Border Patrol Agent Position.

4. The defendant applied to become a Border Patrol Agent in 2009. It is a fair inference that in order not to jeopardize his opportunity for selection as a Border Patrol Agent, he concealed from the United States government his AWOL status and subsequent arrest.

1    5. On or about March 16, 2009, the defendant completed a Questionnaire for National Security Positions (SF86 Format) to become a Border Patrol Agent. (Bates No. 2968.) He falsely stated that he only served in the Army from November 1995, to December 1995. (Bates 2988.) The defendant falsely stated that he had "never been arrested by any police officer, sheriff, marshal, or any other type of law enforcement officer." (Bates No. 3012.) During his background investigation for the position, he was required to answer written questions on a number of topics. On the Questionnaire dated July 23, 2009, the defendant made a false written statement that he had never been arrested (Bates No. 3058), and that he had never been taken into custody. (Bates No. 3057.) The defendant made the false written statements that he "enlisted in the Army in '1/95' and discharged in '12/95'". (Bates No. 3073.) He falsely wrote that he "enlisted at age 19 at Father's insistence. Found out it was not what I thought it to be, my immaturity won out + I quit". (*Id.*) Subsequently, he was accepted into the Border Patrol.

6. In 2014, the defendant was the subject of a second background investigation (reinvestigation) while serving with the Border Patrol. On or about February 27, 2014, the defendant completed a required Electronic Questionnaire. (Bates No. 7268.) In that Questionnaire, the defendant again stated that he only served in the Army from 11/1995 to 12/1995. (Bates No. 7286.) He similarly stated that, he had never been arrested by a police officer, sheriff, marshal, or any other type of law enforcement official. (Bates No. 7305.) In a personal interview conducted as part of this reinvestigation on April 16, 2014, the defendant made the same false statements to the interviewer about the dates of his military service and falsely stated that while he was in Army basic training, he realized that joining the Army was a mistake and resigned. (Bates No. 7346.)

7. Once the defendant takes the stand and puts his credibility at issue, Federal Rules of Evidence, Rule 608(b)(1) (Specific Instances of Conduct), provides in pertinent part that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to

attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of (1) the witness; ….

8. Defendant's false statements about the dates of his military service, the reasons for leaving the military, and his lack of any prior arrests, relate directly to his character for truthfulness. The jury should be apprised of those statements in evaluating his credibility on the witness stand. The fact that these statements were made when he applied to become a Border Patrol Agent, and thereafter to continue in that position, make them particularly germane to this case which involves his conduct as a Border Patrol Agent.

9. The Courts have held that a party can use false statements made by the witness/defendant on collateral issues pursuant to Rule 608(b)(1). In *United States v. Reid*, 634 F.2d 469, 473-74 (9th Cir. 1980), the government was permitted to impeach the defendant businessman with the fact that he had made false statements in a letter he had written to a government agency eight years before, and was unconnected to the mail fraud scheme, which involved selling individuals state identification cards fraudulently represented as "official." The Court stated, "Cross-examination concerning the false statements in the letter was entirely proper to **impeach** appellant's general credibility … The fact that appellant made the false statements eight years prior to trial did not destroy the relevance of the statements for impeachment purposes." (emphasis in the original). *See also, United States v. Amaechi*, 991 F.2d 374, 379 (9th Cir. 1993)(government allowed to impeach defendant with his misrepresentations on immigration and tax returns under Rule 608(b) in a drug trafficking prosecution); *United States v. Pimentel*, 654 F.2d 538, 544-545 (9th Cir. 1981)(stating that "any sworn statement could be used to impeach a defendant's credibility on cross-examination," the Court found it irrelevant that the statement might have had a bearing on some other pending criminal case); *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989)(government permitted to impeach the defendant with sworn statement he had made admitting misappropriating money from a former legal client which statement was unrelated to his trial on tax and mail fraud charges).

10. For these reasons, the government requests permission to cross-examine the defendant on his statements concerning his military and arrest record under Rule 608(b)(1).

Defendant's other Border Patrol Records.

11. The defendant seeks to preclude the government from introducing into evidence *any* of his personnel records pertaining to his training and subsequent employment with the Border Patrol claiming that they are all irrelevant. The defendant paints with a very broad brush. While we may agree that many of these records are irrelevant, there are many which are relevant to this case.

12. This is an officer involved shooting while the defendant was on duty and acting in his capacity as a law enforcement officer. The defendant's training, for example, on the use of a firearm, his training on when lethal force can be used, his knowledge of the Border Patrol's policy on the use of lethal force, his training as a firearms instructor, and his accuracy with the type of weapon used in the fatal shooting are some of the relevant issues in this case.

13. Apart from the question of the substantive admissibility of defendant's records, the government would have the right under Federal Rules of Evidence, Rules 607, 611(b), 612, and 613, to use any of these records to impeach the defendant's direct testimony.

14. Respectfully submitted this 25th day of January, 2018.

    ELIZABETH A. STRANGE
    First Assistant United States Attorney
    District of Arizona

    *s/ Wallace H. Kleindienst*

    Wallace H. Kleindienst
    Assistant U.S. Attorney

COPY of the foregoing served electronically
or by other means this 25th day of January 2018, to:

Sean Chapman, Esq.
Jim Calle, Esq.