**Sean C. Chapman**
**Law Offices of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant *Swartz*
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR15-1723 TUC RCC (DTF) |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S REPLY TO** |
| | ) | **MOTION IN LIMINE TO** |
| v. | ) | **PRECLUDE EVIDENCE OF** |
| | ) | **DEFENDAN'TS ARMY SERVICE** |
| Lonnie Ray Swartz, | ) | **AND PERSONNEL RECORDS** |
| | ) | |
| Defendant. | ) | |

Defendant Lonnie Ray Swartz, by and through undersigned counsel, hereby replies to the government's response to his motion in limine to preclude evidence of his army service and personnel records. (Doc. 272, Doc. 282.) For the following reasons, the motion should be granted.

*1. Military Service Records*

The government's argument that Agent Swartz's military service records are admissible in cross-examination under Fed. R. Evid. 608(b)(1), as related to his character for truthfulness, is based on an "inference" that Agent Swartz concealed the true facts of his military discharge from the Border Patrol. (Doc. 282, ¶ 4.) This is

demonstrably false. Agent Swartz provided a copy of his Military DD214, "Certificate of Release or Discharge from Active Duty," to the Border Patrol during his initial background investigation in 2009, and again during his five-year reinvestigation in 2014. (*See* Exhibit A.) Agent Swartz also provided a copy of his Military Out-processing Identification Card, which provides the expiration date of his active duty as December 22, 1997. (*See* Exhibit B.) Contrary to the government's comment, it was not false for Agent Swartz to explain his "other than honorable discharge" in the context of enlisting at his father's insistence, realizing that he made a mistake, and quitting before completing basic training. (Id.) By submitting these documents to the Border Patrol, Agent Swartz supplied the government with documentation setting forth all of the circumstances of his Army service, including the dates and reason for discharge.

It is important to note that, with respect to how Agent Swartz reported his military disciplinary record to the Border Patrol, each of the two background investigation questionnaires restricted the relevant time frame to the preceding 7 years. (*See* Exhibit C.) Agent Swartz's Army service officially concluded in 1998, 11 years before his initial application with the Border Patrol in 2009, and 16 years before his reinvestigation in 2014. His responses on the questionnaires were truthful. Even so, because Agent Swartz had provided his Military DD214 and Out processing ID, there can be no valid claim that he concealed anything.

The allegation that Agent Swartz falsely stated he'd never been arrested is likewise misinformed. (Doc. 282, ¶¶ 5, 6.) What the government refers to as Agent Swartz being taken "into military custody" at Nellis Air Force Base was not an arrest. (Doc. 282, ¶ 3.) Agent Swartz, who was neither handcuffed nor restrained in any way, was driven by an agent from his home in Las Vegas a short distance to Nellis AFB. He was there for less than 30 minutes, during which time he was told to report to Fort Sill, Oklahoma within one week in order to formally process out of the Army. Agent Swartz traveled on his own to Fort Sill. He was housed on the base (not confined to a cell or anything similar) for a few days until the processing was complete. Agent Swartz signed his paperwork on or about October 23, 1997, and returned to Las Vegas the next day.

The government charges that the defendant paints with a very broad brush, but in reality the government writes with a very sharp pencil. Their effort to parse Agent Swartz's words in order to manufacture false statements with which to impeach him, should be rejected. Nevertheless, if Court is considering granting the government's motion, then the defense requests a hearing at which the facts can be fully vetted. Impeachment by use of prior false statements obviously contemplates that the statements were actually false *and* the defendant knew they were false when he made them. Fed. R. Crim. P. 608(b)(1).

In the *Reid* case cited by the government, for example, the impeachment "consisted of appellant's own admissions of previous falsehoods," but not the document

containing the false statements. *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980.) The same is true of the other cases relied on by the government. In *United States v. Amaechi*, 991 F.2d 374, 379 (9th Cir. 1993), the government did not have to prove up the extrinsic act because the defendant admitted the immigration and tax forms were false. In *United States v. Jackson*, 882 F.2d 1444, 1447-48 (9th Cir. 1989), the government impeached Jackson with a sworn statement in which he admitted misappropriating client funds. Because Jackson admitted to the false statement, the document was not admitted into evidence.[1]

The *Jackson* case is instructive for another reason as well. The Court tracked the history of Rule 608(b)'s evolution with respect to its treatment of remote acts of misconduct. That restriction was deleted "in order to encourage flexibility," but the Court emphasized that "remoteness remains a relevant factor for the trial court to consider in assessing the probative value of the evidence." *Id.* at 1448. The assessment the trial court is to make is a Rule 403 weighing of the relevance of the evidence to honesty and veracity with its prejudicial impact. Under Rule 403 relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

---

[1] The Ninth Circuit has made clear that even when an extrinsic matter is used for impeachment, the prosecution is limited to asking the witness about the document but may not enter the documents as extrinsic evidence. *United States v. Oriyomi*, 449 Fed.Appx. 681, 682 (9th Cir. 2011) (unpublished). Thus, even if this Court allowed the government to impeach Agent Swartz, it would be with a "false statement relating to military service," not the facts of the military service.

needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). The lack of certainty that Agent Swartz indeed made a knowingly false statement diminishes the probative value of this evidence to the extent that it is substantially outweighed by its unfair prejudice, confusion, and the misleading nature of the inquiry.

    *2. Personnel Records*

The government lists several broad categories of personnel records that it considers relevant to the issues in this case and, therefore, admissible as "substantive" evidence. (Doc. 282, ¶ 12.) The government also suggests that these same types of records may be used to impeach Agent Swartz. Because the Rules of Evidence are nuanced and subject to relevancy and its limits, the defense requests that the Court order the government to identify which records it intends to introduce at trial. Then, the defense should have an opportunity to file a motion contesting the admissibility of the records identified by the government. This procedure would serve judicial economy. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (holding court has inherent authority to manage its docket and enforce pre-trial orders).

    Respectfully submitted this 29th day of January, 2018:

              LAW OFFICES OF SEAN CHAPMAN, P.C.

               BY:   /S/ Sean C. Chapman
                        Sean Chapman
                        Attorney for Defendant

# CERTIFICATE OF SERVICE

The undersigned certifies that on January 29, 2018, caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Wallace H. Kleindienst
Wallace.Kleindienst@usdoj.gov
Mary Sue Feldmeier
Mary.Sue.Feldmeier@usdoj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

*Serena Lara*