**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant *Swartz*
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | CR15-1723 TUC RCC (DTF) |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR JURY TO VISIT SCENE OF ALLEGED CRIME AT NIGHT** |
| v. | ) | |
| Lonnie Ray Swartz, | ) | |
| Defendant. | ) | |

    Defendant Lonnie Ray Swartz, by and through undersigned counsel, pursuant to the Sixth Amendment of the United States Constitution, hereby moves to bring the jury to view the location of the shooting. This motion is based on the reasons set forth in the following Memorandum of Points and Authorities.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court has broad discretion when determining whether to permit a jury to be gathered together and transported to the crime scene. *Hughes v. United States*, 377 F.2d 515, 516 (9th Cir. 1967). Considerations include whether other evidence, such as photographs, would be sufficient, or whether the average juror is familiar with the type of location and could understand it from photographs or diagrams. *See, e.g., United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir.1997).

This location of the alleged crime is the border fence between Nogales, Arizona and Nogales, Sonora, Mexico. The fence itself is unique because of its nature as an international boundary, its physical security features, and the topography of the specific locations at issue. The density of vegetation in the area, the buildings and the narrow streets of Nogales, Sonora and Nogales, Arizona are particularly relevant to the issues in this case.

The average juror, even one who has been to Nogales or crossed the border at the POE in Nogales, is unlikely to be familiar with the nature of the border fence or the precise location where the shooting occurred. This venue is unlike "the desert," a hospital, streets or highways, or other places where crimes occur, that are within the common experience of most jurors. The jury should be allowed to view the scene at night because the unique characteristics of the location are central to the story of the case and because doing so will help the jury understand the events being recounted by

the witnesses. *United States v. Pineda-Doval*, 614 F.3d 1019, 1035 (9th Cir. 2010) (in alien transportation case where death resulted, the district court's decision to allow the jury to view the crushed Suburban was affirmed, because doing so "would help the jury understand the events being recounted by the witness" and because "the Suburban was central to the prosecution's story.").

The government is asking the jury to convict Agent Swartz based on a split-second decision that he made at night in an incredibly dangerous area of the international border. The Court will recall that there has been extensive litigation regarding video and photographic recreations of the scene, and what Agent Swartz saw, or perceived. A great deal of time will be dedicated by the government to presenting expert testimony on this issue at trial. Since the issue is so significant to the parties, the jury should have the opportunity to observe <u>at night</u> what the area actually looks like.

Respectfully submitted this 31th day of January, 2018.

        LAW OFFICES OF SEAN CHAPMAN, P.C.

        BY:  /S/ Sean C. Chapman
                Sean Chapman
                Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2018, caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Wallace H. Kleindienst
Wallace.Kleindienst@usdoj.gov
Mary Sue Feldmeier
Mary.Sue.Feldmeier@usdoj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

*Serena Lara*