ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
wallace.kleindienst@usdoj.gov
mary.sue.feldmeier@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-15-01723-TUC-RCC (DTF) |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ALLEGED RUST EVIDENCE |
| Lonnie Ray Swartz, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully moves in limine to preclude alleged rust evidence, and in support states as follows:

A.   Facts and Background:

The defendant has notified the government of its intent to introduce testimony regarding alleged rust on the shoes of the victim in this case, J.A.E.R.  The defense intends to call two Border Patrol agents who are not witnesses to the events alleged in the indictment to testify about general smuggling tactics and activities that take place in the area where the crime occurred, and to testify that they look for rust marks on suspects to help determine if the suspects climbed over the international boundary fence.  The notice of witnesses, below, does not indicate whether the defendant intends to show J.A.E.R.'s clothing or shoes to these witnesses:

1. BPA Justin Sanders - Nogales AZ. Agent Sanders is familiar with the smuggling tactics and activities that take place west of the DeConcini Port of Entry through the incident scene in our case. Sanders also was on the Nogales Bike Unit whose members looked for rust marks on suspects to help determine if they had illegally crossed the border by climbing over the border fence.

2. BPA Travis Bradshaw – Nogales AZ. Agent Bradshaw was a member of the Nogales Bike Unit and he has information regarding the various types of smuggling that takes place west of the DeConcini Port of Entry in addition to also being an agent who looked for rust marks on suspects to help determine if they had climbed the border fence to avoid going through the ports of entry.

The defendant also intends to introduce the testimony of his investigator, who rubbed test shoes on the international boundary fence and will apparently testify that the marks he produced on the test shoes match those on J.A.E.R.'s shoes. Defense has not requested J.A.E.R.'s shoes for testing. Nor has he indicated how he intends to prove that the marks produced by his investigator are, in fact, the same as any markings on J.A.E.R.'s shoes.

B.   Law and Argument

Whether J.A.E.R.'s shoes have rust on them is irrelevant to the issues in this case, and should be precluded. F. R. Evid. 401. Any probative value of this evidence is outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury . . . wasting time, or needlessly presenting cumulative evidence." F. R. Evid. 403. The testimony of Agents Sanders and Bradshaw and the defense investigator with regard to the "rust" test should be excluded.

1. F. R. Evid. 401 and 403 (Relevance)

Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) *the fact is of consequence in determining the action*." F. R. Evid. 401 (emphasis added). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F. R. Evid. 403

Here, defendant seeks to introduce evidence that J.A.E.R. has "rust" marks on his shoes, merely as an attempt to demonstrate that the victim was a drug smuggler and that he had illegally entered the United States. This is a murder case; not a drug smuggling case. Whether or not J.A.E.R. is a drug smuggler or whether he illegally entered the United States is not relevant to the charges. There is no claim that the defendant knew of any past activities of the victim. The probative value of such evidence is also substantially outweighed by the danger of unfair prejudice to the United States. The only fact of consequence in this action is whether the defendant reasonably believed that deadly force was "necessary to prevent death or great bodily harm." 9th Cir. Crim. Jury Instr. 6.8.

The **only** thing the "rust" testimony contributes to this case is (1) to bolster the testimony of A.O. and the CHS regarding J.A.E.R.'s alleged presence in the United States before the shooting; and (2) portray J.A.E.R. as a drug smuggler to the jury. Bolstering another witnesses' testimony on a collateral matter (whether J.A.E.R. is a smuggler) is the very definition of irrelevant. Whether J.A.E.R. is a drug smuggler is not a fact that is of consequence to the jury in determining the outcome in this case. Even if marginally relevant, it should be excluded because it will cause unfair prejudice, confuse the issues, mislead the jury, and is needlessly cumulative of the testimony of A.O. and CHS.

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984). "Although the definition of "relevant evidence" given in Federal Rule of Evidence 401 is broad, it does have limits." *United States v. Hollister*, 746 F.2d 420, 422 (8th Cir. 1984). *Hollister*, a bank robbery defendant, raised a duress defense which required him to show "a reasonable or well-founded fear of immediate or imminent death or serious bodily harm required the defendant to commit the criminal act, and that the defendant could not

avoid the danger." *Id.* at 422-23.  Similar to defendant Swartz's self-defense claim,[1] Hollister's duress defense rested on what was in Hollister's mind – not facts known to others.  Hollister claimed his deceased co-defendant Miller held a gun to his head and forced him to commit the robbery at issue.  He sought to introduce additional evidence that Miller had committed previous bank robberies with a different accomplice named Schumacher to bolster other evidence of his duress defense.  Although Hollister had not known the fact about Miller's prior robberies, he argued that it should have been admitted because it "tend[ed] to make more probable the existence of the claim that Schumacher had backed out and thus Miller was motivated to coerce Hollister into robbing a bank more likely than not." *Id.* at 422.  The Eighth Circuit found that the district court properly excluded this evidence because "[e]vidence showing Roger Miller's propensity to commit bank robberies would not have been relevant unless it contributed to Hollister's reasonable fear of death or serious bodily harm." *Id*. at 423.  Similarly here, the defendant did not see J.A.E.R. climb the international boundary fence or smuggle drugs into the United States, much less know what markings were on his shoes.  Whether J.A.E.R. had done any of these things is not relevant unless it contributed to defendant Swartz's belief that shooting J.A.E.R. was "necessary to prevent death or great bodily harm."  Since defendant Swartz did not know these alleged facts about J.A.E.R., and in fact claims he fired his pistol because of rocks (not drug smuggling), the introduction of "rust" evidence to make it more probable than not that J.A.E.R. was smuggling drugs that night is not relevant to the facts at issue, and just serves to confuse and prejudice the jury.

Here, the rust evidence is simply offered to disparage the victim.  Because it is uncontested that the victim was the first aggressor in this case, evidence of the victim's character has little if any probative value.  In *People of Territory of Guam v. Tedtaotao*,

---

[1] The 9th Circuit Criminal Jury Instruction on Self-Defense, 6.8, reads in relevant part "[f]orce likely to cause death or great bodily harm is justified in self-defense only if a person *reasonably believes that such force is necessary to prevent death or great bodily harm.*" (emphasis added.)

the Ninth Circuit Court of Appeals found that where it was uncontested that the victim was the initial aggressor, evidence of the victim's character was properly excluded because it would have been cumulative and its probative value was substantially outweighed by the dangers of unfair prejudice, confusion of the issue, and misleading of the jury.  896 F.2d 371, 373 (9th Cir. 1990).  The same is true in this case.  The government does not dispute that the victim was involved in throwing rocks over the fence prior to the shooting.  Evidence that he is a drug smuggler not only fails to show that he acted in conformity with the conduct in this case, but is also outweighed by unfair prejudice, confusing the issues, and misleading the jury.  Tainting the jury with the idea that a "good" border patrol agent shot a "bad" drug dealer introduces emotion and prejudices the jury against the victim in this case – all over alleged conduct that the defendant had no knowledge of and thus could not have affected his decision to shoot.  It is confusing and misleading, implicitly asking the jury to "find" that the victim was a drug smuggler, when in fact the issue being adjudicated in this case has nothing to do with whether he was or not.

The defendant's notice indicates that not only will Agents Sanders and Bradshaw testify to checking suspected aliens for rust to see if they climbed the fence, but also to smuggling methods that are already being covered by the defendant's drug expert.  Their rust testimony should be excluded for the reasons set forth above.  Their testimony regarding smuggling methods is cumulative and should be excluded.

Wherefore, the United States of America respectfully requests that this Court exclude the testimony of the defense investigator relating to "rust" evidence, and the testimony of Agents Sanders and Bradshaw *in toto*.

Respectfully submitted this 5th day of March, 2018.

> ELIZABETH A. STRANGE
> First Assistant United States Attorney
> District of Arizona
>
> *s/ Mary Sue Feldmeier*
>
> MARY SUE FELDMEIER
> Assistant U.S. Attorney

1  Copy of the foregoing served electronically or by
2  other means this 5th day of March, 2018, to:

3  Sean C. Chapman, Esq.
   Jim Calle, Esq.