**Sean C. Chapman**
**Law Offices of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant *Swartz*
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lonnie Ray Swartz, )<br>)<br>Defendant. ) | CR15-1723 TUC RCC(DTF)<br><br>**MOTION TO PRECLUDE RETRIAL ON GROUNDS OF JUDICIAL ESTOPPEL; OR, ALTERNATIVELY, MOTION TO PRECLUDE INCONSISTENT AND CONTRADICTORY THEORIES OF PROSECUTION** |

COMES NOW the Defendant, LONNIE SWARTZ, by and through his counsel undersigned, and pursuant to the Due Process Clause and authorities cited below, moves this Court to preclude the Government from trying Agent Swartz on Manslaughter charges; or, alternatively, preclude the Government from asserting any theories at a retrial that are inconsistent or contradictory with the positions advanced at the original trial.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS**

Agent Swartz was tried on a one count indictment charging him with Second Degree Murder, in violation of 18 U.S.C. § 1111. In order to prove that Agent Swartz committed this crime, the Government sought to demonstrate that he killed with malice aforethought, defined as "either deliberately and intentionally or recklessly with extreme disregard for human life." (Doc. 476 at p. 16.)

The Court also instructed the jury on the lesser-included crimes of Voluntary and Involuntary Manslaughter. The Court will recall that the defense objected to giving any instructions on lesser-included offenses, however after the Court indicated it would instruct the jury on Voluntary Manslaughter, undersigned counsel asked the Court to also instruct on Involuntary Manslaughter.

The jury was therefore instructed on the elements of Voluntary Manslaughter, which is similar to Second Degree Murder in that the jury must find that Agent Swartz killed Jose Elena Rodriguez "intentionally" or "recklessly with extreme disregard for human life." However, Voluntary Manslaughter is distinguished from Second Degree Murder when the killing occurs during "a sudden quarrel or heat of passion, caused by adequate provocation." Further:

> [h]eat of passion may be provoked by fear, rage, anger, or
> terror. Provocation, in order to be adequate, must be such as
> might arouse a reasonable and ordinary person to kill someone.

(Doc. 476 at pp. 17-18.) *See* 18 U.S.C. § 1112; Ninth Cir. Model Jury Instr. 8.109. Similarly, Involuntary Manslaughter has among its elements, the requirement that a death occur with "gross negligence," defined as "wanton or reckless disregard for human life." (Doc. 476 at pp. 19-20.)

In the first trial, the Government revealed its theory of the prosecution in the Opening Statement: that Agent Swartz "executed" Jose Rodriguez. Ms. Feldmeier told the jury:

> Ladies and gentlemen, supporting drug traffickers, throwing rocks, that's not a death penalty offense. But on that day, Lonnie Swartz became the judge, the jury and the executioner.

(Ex. A, p. 4.)

In the next 16 days of trial, the Government sought to elicit testimony from witness after witness, whether called by the prosecution or defense, that Agent Swartz was indeed an executioner. Mr. Kleindienst carried the Government's theme through to the closing argument, telling the jury in his closing argument:

> There was not the intent to kill in this case by those people throwing rocks. And we don't condone what they did. What they did was wrong. But it was not a capital offense. No matter what they did, and no matter how many rocks came over, it was not a capital offense. Jose Antonio did not deserve to be executed.
>
> …
>
> Whatever Jose Elena did that night, throwing rocks or being there with rockers, it wasn't a capital offense.

(Ex. B, pp. 12, 34.)  Mr. Kleindienst supported the Government's theory with the following references to show that Agent Swartz acted with malice aforethought, and thus was guilty of murder, because:

- Agent Swartz did not make a split-second decision but, rather, he had time to reflect and he decided to shoot "to send a message to whoever was out there, no more rockings." (Ex. B, p. 21.)
- [h]e intended to kill Jose. He intended to eliminate him as a person. (Id., p. 34.)
- [f]or whatever reason, he wanted to take care of these rockers. (Id., p. 90.)
- "He's not god.  He can't decide who lives and who dies." P. 90
- [i]t wasn't a split-second decision. He calmly walked calmly across the street. And he calmly went to the fence. And he fired three rounds. It was not necessary. It was not the last resort. He had other options available to him. (Id., p. 91.)
- [a]nd for whatever reason that night he wanted to eliminate him as a human being. (Id., p. 93.)

The prosecutor also explained the legal concepts to the jury in his rebuttal closing:

- Malice aforethought only means that he either intended to kill him or he acted with extreme reckless disregard for the life of Jose Elena. That's what

    second degree murder is. The intent to kill or acting in extreme disregard for the life of Jose Elena. (Id., p. 98.)

– When you walk across the street and you have the time to reflect on your conduct, and you go to the bollard, and you see someone who may have thrown a rock, that you don't even know is going to hurt anybody, and you shoot, that's an intentional killing, that's second degree murder. (Id., p. 98.)

– And if that's not that, it's extreme reckless disregard for the life of that human being. (Id., pp. 98-99.)

Moreover, in his rebuttal closing, government's counsel explicitly and unequivocally argued against Voluntary Manslaughter, telling the jury that Agent Swartz did not discharge his firearm during a sudden quarrel or heat of passion caused by provocation. He told the jury that in such a case, the actor still has intent to kill, but "because of heat of passion caused by adequate provocation you kill that person." (Id. p. 99.) He said that on the contrary, Agent Swartz acted deliberately, coolly, and calmly. (Id.) The prosecutor went on to give an example of Voluntary Manslaughter, as would occur "where you're happily married and you have kids and you think everything is fine, and you come home and you find your spouse in bed with somebody else and you pull out a gun and shoot him."[1] (Id. at pp. 99-100.)

---

[1] The transcript reads "involuntary" manslaughter but it is clear from the context that the prosecutor was giving an example of "voluntary" manslaughter.

With regard to Involuntary Manslaughter, government's counsel said it "is not an appropriate charge in this case for you to consider as a lesser included offense," explaining the negligence element as akin to a drunk driver who runs a red light and kills somebody. (Ex. B., p. 99.) He argued, "[t]hat's not this case. That's not this case." (Id.)

After 16 days of hearing extensive testimony and evidence, and after another several days of deliberation, the jury unanimously found Agent Swartz not guilty of Second Degree Murder. The jury also was unable to reach a unanimous verdict as to the lesser included offenses (voting 7 to 5 for acquittal). This Court should not permit the Government to re-try Agent Swartz on the lesser crimes it previously argued were not supported by the evidence. Alternatively, the Government should not be permitted to argue theories that are inconsistent with or contradict those advanced at Agent Swartz's first trial. To do so would violate Due Process and Mr. Swartz's constitutional right to a fair trial.

**II.    LAW**

  A.    *This Court Should Apply the Equitable Remedy of Judicial Estoppel to Preclude a Second Trial of Agent Swartz on Manslaughter Charges*

The doctrine of judicial estoppel is invoked at the court's discretion, to preclude a party from abusing the judicial process by taking inconsistent positions in the same litigation. *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993). It is an equitable doctrine that is most commonly "applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same

proceeding or a prior one." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). Judicial estoppel is a rule that seeks to prevent "intentional self-contradiction...as a means of obtaining unfair advantage." *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1215 (9th Cir. 1984) (*quoting Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir. 1953)). Most importantly, the policies underlying preclusion of inconsistent positions are "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings." *Id.* (citation omitted).

In this case, the Government indicted Agent Swartz only for Second Degree Murder, not for Manslaughter. At the end of the trial, the defense objected to the jury receiving instructions on any lesser-included offenses. The government fought hard to obtain a murder conviction of Agent Swartz, but a jury disagreed with the theory of the prosecution. If the jury had not been instructed on the two manslaughter charges, Agent Swartz could not now be tried for manslaughter because jeopardy would have attached by virtue of his acquittal. *United States v. Gooday*, 714 F.2d 80, 82 (9th Cir. 1983) ("[i]f no instructions are given on lesser included offenses ... an acquittal on [a greater] charge necessarily implies an acquittal on all lesser offenses included within that charge. An acquittal on the explicit charge therefore bars subsequent indictment on the implicit lesser included offenses.").

The Government elected a theory of the legal implication of the facts shown by the evidence. The Government has not released any significant new disclosure or identified

new witnesses since the first trial. In other words, the jury will hear the same evidence the government presented previously. This time, however, the Government will argue the evidence leads to a conclusion that is opposite of what it argued in the first trial. Prosecutors can exert tremendous influence over the jury, even though they are instructed that arguments of counsel are not evidence. Unlike their "hired gun" counterparts, prosecutors "enjoy unique prestige and power" as representatives of the United States. *See Caldwell v. Mississippi*, 472 U.S. 320 (1985). For this reason, government's counsel is afforded a presumption of credibility in the eyes of the jury that is difficult to attack.

The presentation by the Government of an entirely different – contradictory – theory of Agent Swartz's criminal liability, based on the same facts, offends the judicial process and disregards the dignity of judicial proceedings. *Russell v. Rolfs*, 893 F.2d at 1037 (citing 1B Moore's Federal Practice ¶ .405[8], at 238–42 (2d Ed.1988)). Rather than permit this, this Court should exercise its discretion and authority to grant Agent Swartz equitable relief by precluding his retrial on grounds of judicial estoppel.

  B. *Inconsistent or Contradictory Theories of Prosecution Offends Due Process*

The strategic necessities of successive trials should not be the benchmark of fundamental fairness; rather, that is the role of Due Process, which protects an accused from actions that violate "those fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." *United States v. Lovasco*, 431 U.S. 783, 790 (1977) (citations omitted).

The requirement of "fundamental fairness," therefore, is a core value "embodied in the Due Process Clause of the Fourteenth Amendment." *In re Winship*, 397 U.S. 358, 369 (1970) (Harlan, J., concurring). Accordingly, barring the prosecution from asserting inconsistent and contradictory legal theories in a successive proceeding involving the same parties and the same evidence, promotes fair enforcement of criminal laws, the fairness of the judicial process, and the integrity of the justice system. Conversely, Agent Swartz will be deprived fundamental fairness if the Government is allowed to present flip-flopping theories about the same alleged crime. This deprivation is exacerbated when the statements are not being made to the same jury, which would otherwise be able to evaluate the credibility of the prosecutors' different positions as it relates to their own responsibilities to evaluate the evidence and apply the law.

Prosecutors have a unique role in the judicial process. They represent the interests of the sovereign, and thus, have a heightened responsibility to ensure that fairness is achieved a defendants' due process rights are protected. *Berger v. United States*, 295 U.S. 78, 88 (1935). If the Government is permitted to theorize and argue to another jury that Agent Swartz indeed shot Jose Rodriguez during sudden quarrel or heat of passion, that inconsistency is improper because one theory is necessarily incorrect. Due Process is violated because the result is a demeaning of the judicial process, with Agent Swartz caught in the cross-hairs.

In *Thompson v. Calderon*, 120 F.3d 1045 (9th Cir. 1997) (en banc), *rev'd on other grounds*, 523 U.S. 538 (1998), a plurality of the en banc Ninth Circuit held, "it is well established that when no new significant evidence comes to light a prosecutor cannot, in order to convict two defendants and separate trials, offer inconsistent theories of facts regarding the same crime." 120 F.3d at 1058. Doing so offends Due Process because in one of the trials, the prosecution fell short of its duty to "vindicate truth and to administer justice." *Id*.

*Thompson* and other cases often discuss a prosecutor's use of false evidence or act in bad faith as a precondition of finding a due process violation based on inconsistent theories in separate trials against separate defendants charged with the same crime. *See Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir. 2000). The question presented here is somewhat different, because the same defendant is being tried lesser included offenses, but the legal analysis should be similar. The Government argued to the jury that the evidence did not support a conviction for manslaughter. The only way for the Government to obtain a conviction against Agent Swartz now, is to take a 180-degree turn and urge a jury to convict Agent Swartz of that very offense. This is tantamount to bad faith because there is no way to reconcile those contradictory theories on any rational basis.

This Court should preclude the Government from asserting inconsistent or contradictory theories in order to protect Agent Swartz's Due Process Rights to a fundamentally fair trial.

      C.    *The Special Ethical Duties of a Prosecutor Conflict with Presenting Inconsistent or Contradictory Theories*

Prosecutors have special ethical duties that arise from their unique positions of power and authority, regardless of their State of licensure. For example, every State has adopted the ABA Model Rules of Professional Conduct,[2] which include Rule 3.8, "Special Responsibilities of a Prosecutor." At its core, Rule 3.8 is meant to address the the responsibilities of a prosecutor "as a minister of justice and not simply that of an advocate." Rule 3.8 Comment 1, ABA Model Rules of Professional Conduct (4th ed.). "This responsibility," the comment continues, "carries with it specific obligations to see that the defendant is accorded procedural justice… ." *Id*. The ABA also promulgates Criminal Justice Standards for the Prosecution Function,[3] which are aspirational standards intended to be consistent with and supplement the Model Rules. Standard 3-1.1, ABA Criminal Justice Standards for the Prosecution Function (4th ed.). Once again

---

[2] https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/alpha_list_state_adopting_model_rules.html

[3] https://www.americanbar.org/groups/criminal_justice/standards/ProsecutionFunctionFourthEdition.html

these guidelines underscore the primacy of a prosecutor's duty to seek justice within the bounds of law, to serve the public interest, and to act with integrity. *Id.* at Standard 3-1.2.

The preceding sections argue that Agent Swartz's due process rights will be violated if the Government is permitted to advance inconsistent prosecution theories at a second trial. Prosecutors who knowingly adopt inconsistent positions in separate proceedings without adequate justification (i.e. a shift in the evidence presented), know that one of those positions is wrong; they therefore lack a good faith belief in one of the positions. Because procedural justice cannot occur in that environment, doing so is contrary to a prosecutor's ethical duties under Rule 3.8 and the standards noted above.

### III.  CONCLUSION

For all the foregoing reasons, the Court should apply judicial estoppel to prevent the Government from trying Agent Swartz on Manslaughter charges. Alternatively, the Court should preclude the Government from taking any position, or advancing any argument, that contradicts or is inconsistent with the positions and arguments it made at Agent Swartz's first trial.

Respectfully submitted this 18th day of July, 2018.

**LAW OFFICE OF SEAN CHAPMAN, P.C.**

BY:   s/Sean C. Chapman
         Sean Chapman
         Attorney for Defendant

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on July 19, 2018, caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Wallace H. Kleindienst
Mary Sue Feldmeier
Wallace.Kleindienst@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

*Serena Lara*